IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Kayla Funderburke,<br><br>    Plaintiff,<br><br>vs.<br><br>Amerassist A/R Solutions, Inc.,<br><br>    Defendant. | Case No.:   2:23-CV-0040-RWS-JCF<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KAYLA FUNDERBURKE, through her undersigned counsel, LAWRENCE A. SILVERMAN, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This is an action arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. This Court has jurisdiction under 28 U.S.C. §1331.

1

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Hall County, Georgia. Venue is proper in the Gainesville Division.

## PARTIES

3. Plaintiff is a natural person residing in Hall County, Georgia.

4. Defendant, Amerassist A/R Solutions, Inc., is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3)

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times material hereto, Defendant was attempting to collect an obligation allegedly owed by Plaintiff to 'Smile Direct Club, LLC." The obligation is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

8. On or about October 25, 2022, Plaintiff obtained her Experian credit disclosure and discovered Defendant reporting the debt as a past due collection account.

9. On or about November 16, 2022, December 9, 2022, and January 5, 2023, Plaintiff notified Defendant, in writing, that she disputed the debt.

10. On or about January 31, 2023, Defendant updated its information to Experian regarding the status of the debt, but failed or refused to report the debt as disputed.

11. On or about January 5, 2023, Plaintiff sent Defendant a letter disputing the alleged Debt.

12. On February 22, 2023, Plaintiff obtained her Experian credit disclosure and noticed Defendant last reported the tradeline reflected by the alleged Debt to Experian credit disclosure on January 31, 2023 and failed or refused to flag its tradeline as disputed, in violation of the FDCPA.

13. Defendant's failure to flag the item on Plaintiff's credit report as disputed was willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Plaintiff also suffered stress, anxiety, depression, nervousness, panic attacks, embarrassment, and humiliation resulting from Defendant's conduct.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff reincorporates the preceding allegations by reference.

16. Defendant violated 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

17. Defendant's refusal to report the debt as disputed Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity.  Moreover, the Defendant's failure or refusal to flag the debt as disputed artificially depresses the Plaintiff's credit score.

18. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 8, 2023

By: ***/s/ Lawrence A. Silverman***
Lawrence A. Silverman
Georgia Bar No. 646120
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Tel. 248-480-8836
*Attorneys for Plaintiff,*
*Kayla Funderburke*
